IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES EUGENE BLACK,

    Plaintiff,

vs.                                  CASE NO. 4:08cv87-MP/WCS

OFFICER BETTIS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Charlotte Correctional Institution in Punta Gorda, Florida, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 concerning events which allegedly occurred at Charlotte C. I.   Because Charlotte C. I. is located in the Middle District of Florida, as is the only Defendant, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Ft. Myers Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Eleventh Circuit has recognized the court's ability to raise the issue of defective venue *sua sponte*, but limited the court's ability to dismiss an improperly filed case for lack of venue

without giving the parties an opportunity to respond.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")  The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a).  See Lipofsky, 861 F.2d at 1259, n. 2.  Thus, it is recommended that the case be transferred rather than dismissed.

Although some courts have required the trial court to give the parties an opportunity to respond to the transfer order prior to implementation of the order, a hearing is not necessarily required on every transfer motion.  Cf. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) with Starnes v. McGuire, 512 F.2d 918, 934 (D.C. Cir. 1974).  This case does not require a hearing.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Ft. Myers Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 27, 2008.

>s/ William C. Sherrill, Jr.
>**WILLIAM C. SHERRILL, JR.**
>**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:08cv87-MP